UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-CV-60292

Willie Willis,

       Plaintiffs,

v.

Broward County Public Schools on behalf
of Miramar High School,

       Defendants.

_____/

## DEFENDANT, BROWARD COUNTY SCHOOL PUBLIC SCHOOL'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT

       COMES NOW, the Defendant, BROWARD COUNTY PUBLIC SCHOOLS on behalf of MIRAMAR HIGH SCHOOL, and files this Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

       1.    The Plaintiff, WILLIE WILLIS, filed an action against the Defendant, BROWARD COUNTY PUBLIC SCHOOL, an agency of the Florida State government, allegedly in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA").

       2.    The Plaintiff alleges that the Defendant used an automatic telephone dialing system and by using an artificial prerecorded voice in violation of the TCPA for the four years preceding the filing of the Plaintiff's Complaint.

       3.    The Plaintiff further alleges that the prerecorded messages left by the Defendant on the Plaintiff's cellular phone, indicated that a student, who attended public school in Broward County, Florida, had missed class.

       4.    The TCPA disallows for "any person within the United States…to make any call…using any automatic telephone dialing system or an artificial or prerecorded voice… to any telephone number assigned to a… cellular telephone service…" 47 USC § 227(b)(1)(A)(iii).

5.      Pursuant to *Lambert v. Seminole County School Board*, No. 15-0078 (M.D. Fla. Jan 21, 2016) 1994), "person" as used in the TCPA and defined by the Communications Act, which the TCPA is a part, is "an individual, partnership, association, joint stock company, trust or corporation." 47 USC § 153(39).  The definition of "person" as defined by the Communications Act does not include sovereign or governmental entities, and there is no phrase or other indication for one to interpret the definition to include sovereign or governmental entities. *Id*. As a result, a cause of action against a governmental entity for a violation of the TCPA is disallowed.

6.      Defendant, BROWARD COUNTY PUBLIC SCHOOLS, is a political subdivision of the State of Florida with powers and responsibilities set forth generally in Fla. Const. art. IX § 1, §4 and Fla. Stat. § 1000.04(1), 1001.30-1001.33, and1001.41- 1001.42.

7.      Additionally, Fla. Stat § 287.012(14), provides the defined term "governmental entity" which, in pertinent part, means "a political subdivision or agency of this state… including, but not limited to… [the] school district….".

8.      Therefore, Defendant, BROWARD COUNTY PUBLIC SCHOOLS, is a governmental entity and is not a "person" as defined by the Communications Act, which the TCPA is a part.

9.      Accordingly, the Plaintiff has failed to state a cause of action for which relief can be granted and Plaintiff's Complaint should be dismissed.

For the foregoing reasons, the Defendant, BROWARD COUNTY PUBLIC SCHOOLS on behalf of MIRAMAR HIGH SCHOOL, respectfully requests that they be dismissed with prejudice from this action for the reasons as stated above.

*Space intentionally left blank.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on March ____, 2017 using CM/ECF, which will send copies to: Stan Michael Maslona, Lemberg Law, LLC, 43 Danbury Rd, 3rd Floor, Wilton, CT 06897 [smaslona@lemberglaw.com].

**VERNIS & BOWLING OF BROWARD, P.A.**
5821 Hollywood Blvd, First Floor
Hollywood, FL 33021
Ph: (954) 927-5330; (954) 927-5320 (Fax)
*Attorney for Defendant, Broward County Public Schools*
By: */s/ Tommie C. DePrima*
Tommie C. DePrima, Esquire
By: */s/ Thomas W. Paradise*
Thomas W. Paradise, Esq.